# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7511 | **DATE** | 11/28/2012 |
| **CASE TITLE** | Milner vs. Steele et al | | |

**DOCKET ENTRY TEXT**

Motions to appoint counsel and to proceed in forma pauperis are denied.

■[ For further details see text below.]                                 Docketing to mail notices.

---

## STATEMENT

Plaintiff Curtis Milner moves to proceed *in forma pauperis* without the full prepayment of filing fees. Mr. Milner has also moved this Court to appoint him counsel. For the reasons set forth below, the Court denies Mr. Milner's motions.

Pursuant to 28 U.S.C. 1915, the Court may authorize Mr. Milner to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Mr. Milner need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin,* 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible if payment of the filing fee will prevent him from providing for life's necessities. *See id.* According to his financial affidavit, Mr. Milner is not currently employed. He does not own real estate or any additional items of personal property worth over $1,000, nor does he have more than $200 in cash or in a checking or savings account. According to his financial affidavit, Mr. Milner has received $1,140.00 in social security benefits over the past twelve months. Based on these facts, Mr. Milner's financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Mr. Milner's financial status. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum,* 352 F.3d 1107, 1109 (7th Cir. 2003).

When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis,* the Court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See, e.g., Allen v. JP Morgan Chase,* No. 10 cv 01237, 2010 WL 1325321, at *1 (N.D. Ill. Mar. 30, 2010) (citing *Zimmerman v. Tribble,* 226 F. 3d 568, 571 (7th Cir. 2000)). When considering a Rule 12(b)(6)

motion, the Court treats all well-pleaded allegations as true and draws all inferences in favor of the non-moving party. *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *See also Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'"*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *See id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 678. However, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).

In this case, Mr. Milner's Complaint, as alleged, fails as a matter of law and must be dismissed because he has failed to state a cognizable claim that may be heard by this Court. Mr. Milner asserted a plethora of claims against North Community Bank and one of its managers, Shanita Steele. In the first seven pages of his Complaint, Mr. Milner makes a number of allegations regarding Ms. Steele's treatment of various, unidentified North Community Bank customers. Based on this treatment of others, Mr. Milner asserts causes of action for negligence, defamation and intentional infliction of emotional distress. These claims must be dismissed because Mr. Milner has no standing to assert such claims on behalf of others. *See Warth v. Seldin,* 422 U.S. 490, 499, 95 S. Ct. 2197, 2205 (1975) ("A federal court's jurisdiction therefore can be invoked only when the plaintiff himself suffered some threatened or actual injury resulting from the putatively illegal action...") (internal citations and quotations omitted); *see also Mainstreet Org. of Realtors v. Calumet City,* 505 F. 3d 742, 746 (7th Cir. 2007) (holding that plaintiffs' lawsuit was barred by the principle that "one cannot sue in federal court to enforce someone else's legal rights.").

The remainder of Mr. Milner's claims are asserted on behalf of himself. These claims can be divided into three categories: (1) claims arising under a federal statute; (2) claims arising under an Illinois state statute; and (3) common law tort claims. Mr. Milner's claims that arise under a federal staute are all claims for various types discrimination. Mr. Milner alleges that Ms. Steele directly, and North Community Bank vicariously, discriminated against him based on his age and his disability in violation of the Americans with Disabilities Act, the Age Discrimination Act and the Rehabilitation Act of 1973. He further alleges that they created a hostile work environment in violation of Title VII of the Civil Rights Act of 1974. Mr. Milner's claims under these statutes are barred as a matter of law.

First, there is no allegation that Mr. Milner complied with the procedural requirements of those statutes. Those procedural requirements, such as filing a claim with the Equal Employment Opportunity Commission, are preconditions to bringing a suit in federal court. *See Doe v. Oberweis Dairy,* 456 F.3d 704, 710 (7th Cir. 2006). Also problematic for Mr. Milner is the fact that he was never an employee, or prospective employee, of North Community Bank. Rather, he was a customer. Title VII, the ADA, the ADEA and the Rehabilitation Act prohibit discriminatory employment practices. The alleged discriminatory treatment of a customer does not constitute an unlawful employment practice, and thus cannot form the basis of a claim under one of these statutes. *See, e.g., Maxie v. Wal-Mart Store,* No. No. 09 C 260, 2009 WL 1766686, *3 (N.D. Ind. June 19, 2009) (holding that a customer does not have a claim under Title VII for alleged discriminatory treatment by a shopkeeper); *cf Denham v. Saks, Inc.,* No. 07 C 694, 2008 WL 2952308, *7 (N.D. Ill. July 30, 2008) (holding that an employee did not have a valid claim for retaliation under Title VII based on his complaints

about the treatment of African-American customers because "[i]t is clear that Title VII focuses on how an employer treats his *employees,* not on how an employer treats his *customers*.") (emphasis in original).

However, since Mr. Milner is a *pro se* litigant, he is entitled to leeway in interpreting his pleading. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 594 (1972). As such, the Court should not be concerned with whether Mr. Milner has pointed to the correct statute so much as determining whether relief can be granted on the facts that he has presented. *See Bartholet v. Reishauer A.G. (Zurich),* 953 F. 2d 1073, 1078 (7th Cir. 1972). In contrast to the statutes cited by Mr. Milner, which only prohibit discriminatory employment practices, 42 U.S.C. §§ 1981 and 1982 do address a company's discrimination against its customers and potential customers.      However, these statutes only prohibit discriminatory practices predicated on race. *See Pourghoraishi v. Flying J, Inc.,* 449 F. 3d 751, 756 (7th Cir. 2006). In this case, Mr. Milner has not set forth any allegations describing how either Ms. Steele or North Community Bank discriminated against him on the basis of his race. Indeed, Mr. Milner has not alleged any acts of mistreatment that were because he was a member of a protected class. Rather, the crux of Mr. Milner's complaint is that Ms. Steele intentionally mishandled a wire transfer in retaliation for Mr. Milner filing a complaint against Ms. Steele with North Community Bank for how she treated the bank's customers. While this may be sufficient to state a common law claim arising state law, Mr. Milner has failed to state a claim that arises under a federal statute. Accordingly, Mr. Milner's federal claims must be dismissed.

Mr. Milner's other claims, such as for assault, fraud and breach of fiduciary duty, arise under state law. This Court's jurisdiction over those claims is limited to the circumstances outlined in 28 U.S.C. § 1332, which grants jurisdiction over claims that do not arise under federal law where there is complete diversity of parties and the statutory amount-in-controversy is met, and 28 U.S.C. § 1367, which grants supplemental jurisdiction over pendant state-law claims where jurisdiction is otherwise proper over a related federal claim. In addition, a "district court may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Mr. Milner does not assert diversity jurisdiction under § 1332. Indeed, there does not appear to be any basis for such an assertion since all the parties appear to be residents of Illinois and the amount-in-controversy does not appear to exceed $75,000. Since there no cognizable claims over which this Court has original jurisdiction, this Court declines to exercise supplemental jurisdiction pursuant to § 1367. As a result, Mr. Milner's Motion to Proceed *In Forma Pauperis* must be denied. Since Mr. Milner has failed to state a claim, and it appears that he is unable to do so, his case is dismissed and his motion for appointment of counsel is denied